LAWS, APPELLANT, *v.* VANCE, APPELLEE.

(No. 801—Decided May 9, 1955.)

*Messrs. Adams & Bechtel,* for appellant.
*Mr. C. H. Hock,* for appellee.

FESS, J.  This is an appeal on questions of law from a judgment entered on a verdict for defendant.  The action for damages for personal injury arose out of a collision between an automobile driven by plaintiff and one driven by defendant. Plaintiff was operating his automobile in a northerly direction on Carter Road approaching its intersection with Poe Road. Defendant was operating his automobile in an easterly direction on Poe Road.  The intersection is in open country. Neither road is a main thoroughfare.  A ''slow'' sign had been

erected by county officials on the east side of Carter Road ap-. proximately 500 feet south of Poe Road. Except for a statement by plaintiff's witnesses that the "slow sign" was erected to warn drivers of a dip or bump in Carter Road, the purpose for the erection of such sign is not revealed. The day was clear and the roads were dry. There was no obstruction to the view of either driver approaching the intersection.

In his petition, plaintiff alleged that defendant was negligent in:

1. Failing to maintain a lookout.

2. Failing to observe plaintiff's automobile and yield the right of way.

3. Operating his automobile at a rate of speed greater than proper under the circumstances.

The answer was merely a general denial.

The principal error assigned is the giving of the following special instruction to the jury, at defendant's request:

"I charge you, ladies and gentlemen of the jury, that if you find from the evidence that the plaintiff's own negligence directly caused or contributed in the slightest degree to cause the injuries complained of, then your verdict must be for the defendant."

The evidence discloses that the defendant was negligent as a matter of law in failing to yield the right of way to the plaintiff. Defendant testified that when he first observed plaintiff's automobile "it didn't look like it was traveling fast at all, and then I would say that maybe 200 or 300 feet it might have picked up faster, because I looked to the left and when I looked the second time it was right there," 10 or 12 feet away.

"Q. How fast would you say to this jury, when you looked the last time there, after you looked to the left and it was right on you practically, how fast would you say it was traveling? A. Well, you see anything that close and coming like that, you think it is going 50 to 60 miles an hour, I don't know."

This evidence is insufficient to prove that the plaintiff was proceeding in an unlawful manner, thereby losing his right of way. *Willard* v. *Fast*, 75 Ohio App., 225, 61 N. E. (2d), 807; *Schaefer* v. *Cincinnati St. Ry. Co.*, 75 Ohio App., 288, 62 N. E.

(2d), 102; *Meek* v. *Schwanbeck,* 99 Ohio App., 83. Cf. *Wade, Admx.,* v. *Schneider,* 63 Ohio App., 24, 25 N. E. (2d), 290.

The plaintiff testified that as he approached about 75 feet south of the intersection he looked to his right and also to his left and observed no approaching traffic, and that the collision occurred when he was about four feet into the intersection. Inasmuch as the view was unobstructed, it is apparent that the plaintiff either did not look to his left or that he did not look at such time and place as to be effective to observe the approach of defendant's automobile. *Detroit, Toledo & Ironton Rd. Co.* v. *Rohrs,* 114 Ohio St., 493, 151 N. E., 714; *Patton, Admx.,* v. *Pennsylvania Rd. Co.,* 136 Ohio St., 159, 24 N. E. (2d), 597. *Morris* v. *Bloomgren,* 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831, in no uncertain terms holds that the driver of a vehicle approaching from the right has the absolute right of way, qualified only by the requirement that, in proceeding uninterruptedly, he must proceed in a lawful manner. This salutary rule has been uniformly applied, and any modification by alleviation thereof would lead to the confusion resulting from *Heidle* v. *Baldwin,* 118 Ohio St., 375, 161 N. E., 44, 58 A. L. R., 1186. However, as we construe *Morris* v. *Bloomgren, supra,* it does not absolve the preferred driver from exercising that degree of care which an ordinarily prudent driver having the right of way should exercise for his own safety. In the fifth paragraph of the syllabus, the court holds that the preferred driver has the right to assume that the unfavored driver approaching from the left will yield the right of way, but if the former, just as he is approaching the intersection, discovers that the latter is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation. By analogy, it would seem to follow that under such circumstances it likewise becomes the duty of the preferred driver to use ordinary care to avoid injury to himself. In the instant case, had the plaintiff looked at a time and place as to make his looking effective, he might have had the opportunity to determine that the defendant was not going to yield the right of way. Therefore, in

our opinion, an inference, though tenuous, arises from which reasonable minds might differ as to whether the plaintiff exercised ordinary care.

Contributory negligence was not pleaded as a defense and could arise only as an inference to be drawn from the evidence adduced at the trial.

Upon the premise that an inference of contributory negligence could arise, it would have been proper to charge, as the court did charge in the general charge, that if the jury should find from the evidence an inference of contributory negligence, it would be the obligation of the plaintiff to produce evidence of equal weight to meet that inference; but in our opinion, the giving of the abstract special charge on contributory negligence without qualification was prejudicial to the plaintiff. The prejudice results from the fact that the special charge went with the jury and the inferential reference in the general charge did not, thereby emphasizing to the jury the issue of contributory negligence. It may also be observed that the special charge should have been refused because it employed the phrase, "in the slightest degree." *Chesrown* v. *Bevier*, 101 Ohio St., 282, 284, 128 N. E., 94.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CONN and DEEDS, JJ., concur.